Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 3826 | **DATE** | 6/25/2002 |
| **CASE TITLE** | Felipe Cisneros vs. Condell Medical Center | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated in the attached Memorandum Opinion and Order, the defendant's motion for summary judgement against the plaintiff's entire complaint is granted. [Doc. # 12] This case is closed and all remaining motions are terminated as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | JUN 28 2002 date docketed | |
| ✓ | Docketing to mail notices. | | | 16 |
| ✓ | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 02 JUN 26 PM 6:28 | | |
| vg(lc) | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice | |
| | | | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

**DOCKETED**
**JUN 2 8 2002**

Felipe Cisneros, )
)
        Plaintiff, )
) No. 01 C 3826
v. )
) HONORABLE DAVID H. COAR
Condell Medical Center, )
an Illinois not-for-profit corporation )
)
        Defendant. )

## <u>MEMORANDUM OPINION AND ORDER</u>

Before this court is defendant's, Condell Medical Center ("Condell"), motion for summary judgement against plaintiff's, Felipe Cisneros ("Cisneros"), entire complaint. For the following reasons, the defendant's motion is granted.

### Statement of Facts

Before discussing the material facts, this court must first address the plaintiff's failure to respond, in any way, to the defendant's motion for summary judgement. In support of its motion for summary judgment, the defendant met its burden under Local Rule 56.1(a) by filing a supporting memorandum of law and statement of material facts. (Defendant's Statement of Material Facts Pursuant to Local Rule 56.1(a)(3) (hereinafter Defs.' 56.1)).

Local Rule 56.1(b) requires a party opposing a motion for summary judgment (here, the plaintiff) to respond to each of the movants' statements, and such a response should include, "in the case of any disagreement, specific references to the affidavits, part of the record, and other

1



supporting materials relied upon . . . ." (Local Rule 56.1(b)(3)(A)). Local Rule 56.1(b) also requires the defendant to file a "supporting memorandum of law" as well as "additional facts that require the denial of summary judgment." (Local Rule 56.1(b)(2); Local Rule 56.1(b)(3)(B)). The plaintiff, however, has not submitted a memorandum of law or a statement of additional facts to argue that summary judgment is not warranted in this case. Consequently, this court's review is premised on the materials and argument presently before this court.

Condell, a not-for-profit corporation, operates an acute care hospital located in Libertyville, Illinois. Condell hired Cisneros as a hospitality associate on February 10, 1998. Steve Kinderman ("Kinderman"), Food Production Coordinator, and Ken Johnston ("Johnston"), Food Services Manager, both supervised Cisneros. Kinderman and Johnston reported to Laurel Schutter ("Schutter"), Director of Food and Nutrition Services. On February 23, 1998, Johnston, Kinderman and Schutter promoted plaintiff to the position of cook, with a pay increase of $3.00 per hour. Cisneros worked the 5:00 a.m. to 1:30 p.m kitchen shift, and occasionally worked the 9 a.m. to 6 p.m. shift.

Kinderman conducted plaintiff's three-month, six-month, and one-year performance review, and an annual performance review thereafter. In these reviews, Kinderman noted both positive and negative aspects of Cisneros' performance. Cisneros' 2000 performance review counseled plaintiff to work objectively and to "not allow perceived personal conflicts and biases [to] deter completion of tasks." Plaintiff signed all of his performance reviews without comment.

Kinderman states that he "verbally counseled" Cisneros for failing to properly prepare the kitchen and meals for the next shift, for preparing poor quality food selections in the cafeteria, and for displaying a "confrontational attitude" on over thirty occasions in total.

2

Johnston and Kinderman had granted plaintiff's previous requests for vacation time and also had allowed him to switch shifts with other cooks in order to get the time off he needed. On May 4, 2000, Cisneros informed Kinderman that his son's school requested his attendance at an 8:00 am conference on May 9, 2000. Cisneros was scheduled to work the 5:00 am to 1:30 p.m. shift on May 9, which fell during Condell's "Hospital Week," Condell's busiest week of the year. According to Kinderman, the kitchen could not function without a cook during the peak breakfast period of this week.

Kinderman suggested that plaintiff switch shifts with Chris Costa ("Costa"), another cook, to "work the 9:30 to 6:00 shift [shift] and if plaintiff needed a little extra time,to come in later that would have been fine." [] Kinderman testifies that the plaintiff became agitated at this suggestion an made several outbursts. Nevertheless, according to Kinderman, when plaintiff left his office, he understood that the plaintiff was going to switch shifts with Costa so that kitchen would have a cook for the full day. Kinderman attests that he believed this arrangement could work because Cisneros had previously worked both the morning and evening shifts and because he understood that the plaintiff only required a couple of hours to attended the school meeting.

Sandra Berling ("Berling"), Johnston's administrative assistant, was present during the plaintiff's meeting with Kinderman, and told Johnston about the plaintiff's outburst. Immediately thereafter, Johnston went out into the kitchen and motioned for Cisneros to come to his office. Johnston testified that the plaintiff waved him off. Johnston met the plaintiff in the middle of the kitchen and again asked him to come to Johnston's office. According to Johnston, the plaintiff responded that "he did not have to because that was the law" and, while pointing a finger in Johnston's face, told Johnston that "[he] didn't have to do anything that [Johnston]

3

asked him." Johnston instructed Cisneros to remove his finger, and told him that "he was being insubordinate and if he didn't come to Johnston's office immediately, that it could result in his termination." Johnston testified that the plaintiff loudly yelled that he "didn't care" causing Johnston to fear bodily harm from Cisneros. Johnston then stated, "Fine, you are terminated," and unclipped Cisneros' identification badge.

## Standard of Review

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter if law." Fed.R.Civ.P. 56(c); Cox v. Acme Health Serv., Inc., 55 F.3d 1304, 1308 (7th Cir. 1995). A genuine issue of material fact exists for trial when, after viewing the record and all reasonable inferences drawn from it in a light most favorable to the non-movant, a reasonable jury could return a verdict for the non-movant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Hedberg v. Indiana Bell Tel. Co, 47 F.3d 928, 931 (7th Cir. 1995). The party moving for summary judgment bears the initial burden of demonstrating that there is no genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Hedberg, 47 F.3d at 931. If this burden is met by the movant, the non-movant must then set forth specific facts to show that there is a genuine issue for trial. Fed.R.Civ.P. 56(e); Celotex, 477 U.S. at 324. In deciding a motion for summary judgment, the court must read the facts in a light most favorable to the non-movant. Cuddington v. Northern Ind. Public Serv. Co., 33 F.3d 813, 815 (7th Cir. 1994). Rule 56(c), however, mandates the entry of summary judgment against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and in

which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. A scintilla of evidence in support of the non-movant's position is not sufficient to oppose successfully a summary judgment motion: "there must be evidence on which they jury could reasonably find for the [non-movant]." Anderson, 477 U.S. at 250.

**Analysis**

A.  Discrimination Claim

In plaintiff's complaint, he alleges that Condell discriminated against him on basis of his race and national origin by denying his request for time off from work to attend a school conference for his son and by terminating him.

Title VII makes it "an unlawful employment practice for an employer ... to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race or color." 42 U.S.C. § 2000e-2(a)(1). Cisneros must satisfy his burden of proof either by: direct evidence that racial discrimination motivated the Condell's decision to suspend him, or by the indirect, burden-shifting method of McDonnell Douglas Corp. v. Green, 411 U.S. 792, 36 L.Ed.2d 668, 93 S.Ct. 1817 (1973), and Texas Dep't of Comm. Affairs v. Burdine, 450 U.S. 248, 256, 67 L.Ed.2d 207, 101 S.Ct. 1089 (1981).

As Cisneros has not provided any evidence of direct discrimination, this court will employ the McDonnell-Douglas burden shifting test. Cisneros first must establish a prima facie case of a racial discrimination by a preponderance of the evidence. Sample v. Aldi, Inc., 61 F.3d 544, 547 (7th Cir.1995). Without a prima facie case, Cisneros cannot withstand summary judgment. See Gilty v. Village of Oak Park, 919 F.2d 1247, 1250 (7th Cir.1990). To do so, he

5

must show (1) he is a member of a protected class, (2) his job performance met Condell's legitimate expectations, (3) he suffered an adverse employment action, and (4) that another person, similarly situated but not of the protected class, was treated more favorably. Stockett v. Muncie Indiana Transit System, 221 F.3d 997, 1000-02 (7th Cir.2000); Geier v. Medtronic, Inc., 99 F.3d 238, 241 (7th Cir.1996). Once a plaintiff has made this showing, there is a presumption that he was discriminated against, and the employer must come forward with a legitimate, non-discriminatory reason for the employment action. See McDonnell Douglas, 411 U.S. at 802; Lenoir v. Roll Coater, Inc., 13 F.3d 1130, 1133 (7th Cir.1994).

In this case, Cisneros has failed to establish a prima facie case because he has not demonstrated that similarly situated individuals from the non-protected class were treated more favorably. In a deposition, the plaintiff alleges he was treated differently than his co-workers, Brian Finlay ("Finlay") and Chris Costa ("Costa"), because Finlay and Costa were allowed to engage in behavior for which Cisneros believes he would have gotten warnings. Cisneros does not provide, however, any evidence to support this allegation.

In addition, Cisneros alleges that Edith Kumar ("Kumar"), who is Hispanic and Mexican, and an individual named Angela were allowed time off to attend a school meeting for their children. To be similarly situated, the individuals with whom the plaintiff attempts to compare himself must be similarly situated in all relevant respects. Radue v. Kimberly-Clark Corp., 219 F.3d 612, 618 (7th Cir. 2000). Cisneros is not similarly situated to Kumar or Angela because they held different positions and reported to different supervisors. Further, Cisneros admitted that he did not know whether these individuals switched shifts with another employee or used vacation time. Consequently, Cisneros cannot establish a prima facie case of discrimination

based on race or national origin.

B.   Harassment Claim

In Count III of the plaintiff's complaint, he alleges that he was harassed based on his race and national origin, and Condell did not take any remedial action to halt the conduct.

The plaintiff's harassment claim fails because it is time-barred. Under Title VII, a plaintiff has 300 days from the occurrence of any allegedly discriminatory act in which to file a timely charge either with the federal Equal Employment Opportunity Commission ("EEOC"). Generally, a plaintiff is only allowed to base a Title VII suit on conduct occurring within the limitations period. See National Railroad Passenger Corporation v. Morgan, 2002 WL 1270268 *1 (S.Ct., June 10, 2002)[1]; Hardin v. S.C. Johnson & Son, Inc., 167 F.3d 340, 344 (7th Cir. 1999);

---

[1] In this very recent decision, the Supreme Court has held:

> The timely filing provision [of Title VII] only requires that a [] plaintiff file a charge within a certain number of days after the unlawful practice happened. It does not matter, for purposes of the statute, that some of the component acts of the hostile work environment fall outside the statutory time period. Provided that an act contributing to the claim occurs within the filing period, the entire time period of the hostile environment may be considered by a court for the purposes of determining liability. That act need not, however, be the last act. As long as the employer has engaged in enough activity to make out an actionable hostile environment claim, an unlawful employment practice has "occurred," even if it is still occurring. Subsequent events, however, may still be part of the one hostile work environment claim and a charge may be filed at a later date and still encompass the whole . . . In order for the charge to be timely, the employee need only file a charge within [] 300 days of any act that is part of the hostile work environment.

Morgan, 2002 WL 1270268 (no publication page references are available at this time). In this case, the plaintiff has not presented with any specificity or argued that several incidents occurred in the work environment, but rather has based his claim on one particular incident.

7

Galloway v. General Motors Service Parts Oper., 78 F.3d 1164, 1166 (7th Cir.1996). In this case, plaintiff filed his charge of discrimination on October 23, 2000, and thus conduct prior to December 26, 1999 is time-barred.

Cisneros testified that in or around October 1998, Costa pushed him in the chest and called him a "Mexican punk". Cisneros did not report this incident to the management. Given that this incident is the basis for the plaintiff's harassment claim, the claims is untenable because the plaintiff failed to file a charge with the EEOC within 300 days of the allegedly unlawful conduct.

Further, the plaintiff's claim cannot be saved by the "continuing violation doctrine," the exception to the 300 day limit. Dasgupta v. University of Wisconsin Bd. of Regents, 121 F.3d 1138, 1139 (7th Cir.1997); Galloway, 78 F.3d at 1166.

The doctrine is employed when it would be unreasonable to expect the plaintiff to perceive offensive conduct as Title VII harassment before the limitations period runs, or the earlier discrimination may only be recognized as actionable in light of "events that occurred later, within the period of the statute of limitations" the continuing violation doctrine applies. Galloway, 78 F.3d at 1167.

On the other hand, the continuing violation doctrine has delineated limits. Where a pattern of harassment spreads out over years, and it is evident long before the plaintiff sues that he was a victim of actionable harassment, he "cannot reach back and base her suit on conduct that occurred outside the statute of limitations." Id. at 1167; Doe v. R.R. Donnelley & Sons., Co., 42 F.3d 439, 446 (7th Cir.1994). While a single comment may not be harassment, if the comment is repeated over a period of years, its cumulative effect likely precludes invocation of the

8

doctrine. See Hardin, 167 F.3d at 344.

In this case, the plaintiff has not provided any evidence or argument to support a finding that the alleged remarks by Costa represent a continuing pattern of harassment that is tied to those allegations in the plaintiff's EEOC charge.

C.  Retaliation Claim

Cisneros alleges that he was retaliated against as a result of exercising his rights under the Title VII and reporting discrimination based on race and national origin.

In order to prevail on a claim of retaliation, a plaintiff must either offer direct evidence of retaliation, or proceed under a burden-shifting method. See Contrearas v. Suncast Corp., 237 F.3d 756, 765 (7th Cir. 2001); Smart v. Ball State Univ., 89 F.3d 437, 440 (7th Cir.1996). Since Contreras has offered no direct evidence of retaliation, he must make the prima facie case for discriminatory retaliation. Under Title VII, a prima facie case requires that Cisneros prove (1) that he engaged in statutorily protected activity; (2) that he suffered an adverse employment action; and (3) that there is a causal connection between the two events. Id. Once the prima facie case is established, the burden shifts to Condell to articulate a legitimate and nondiscriminatory reason for its actions which Cisneros must show to be a pretext for unlawful retaliation. Contreras, 237 F.3d at 765.

Cisneros' claim fails because he has failed to establish a causal connection between his discrimination charge and his termination. Cisneros, himself, testified that he never mentioned or complained about discrimination based on race or national origin or harassment based on national origin to any member of the management. Consequently, the management's lack of knowledge makes it impossible for the plaintiff to demonstrate a causal connection between

9

filing his charge and being terminated.

D.   Claim Under the Illinois School Visitation Rights Act

Plaintiff claims that Condell denied his request for time off in violation of the Illinois School Visitation Rights Act ("Act") when Kinderman suggested that the plaintiff switch shifts with Costa.

Since the plaintiff has not met the requirements of the Act, the plaintiff's claim fails. Under Section 15 of the Illinois School Visitation Rights Act, an employee is allowed leave to attend a school conference for the employee's child, as long as "the conference or classroom activities cannot be scheduled during nonwork hours." The Act also states

> no leave may be taken by an employee . . . unless the employee has exhausted all accrued vacation leave . . . Before arranging attendance at the conference or activity, the employee shall provide the employer with a written request for leave at least 7 days in advance of the time the employee is required to utilize the visitation right . . . The employee must consult with the employer to schedule the leave so as disrupt unduly the operations of the employer.

820 ILCS 147/1 et seq. Cisneros admitted in his deposition that, at the time of termination on May 4, 2000, he had accrued 3.23 vacation hours. Cisneros' accrual of these hours is fatal to his right to seek leave pursuant to the Act and is fatal to his claim. In addition, the plaintiff has not demonstrated that he gave Condell seven days advance written notice of his requested or that he contacted the school to reschedule the meeting to a time after 1 p.m. (after his shift).

**Conclusion**

For the foregoing reasons, the court GRANTS the defendant's motion for summary judgement against the plaintiff's entire complaint. This case is closed.

Enter: *David H. Coar*

David H. Coar

United States District Judge

Dated: 6/25/03